IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES MICHAEL WHITEHEAD and SIUAFU WHITEHEAD,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>BANK OF AMERICA CORPORATION; DEUTSCHE BANK TRUST COMPANY AMERICAS; GMAC MORTGAGE, LLC; JOHN DOES 1–10; JANE DOES 1–10, DOE PARTNERSHIPS 1–10; DOE CORPORATIONS 1–10; AND DOE ENTITIES 1–10,<br><br>　　　　Defendants.<br>_____ | CV. NO. 10-00615 DAE-BMK |

ORDER: (1) GRANTING DEFENDANT BOFA'S MOTION TO DISMISS; (2) GRANTING DEFENDANT GMAC'S MOTION FOR JOINDER; (3) DISMISSING WITHOUT PREJUDICE PLAINTIFFS' COMPLAINT; AND (4) <u>GRANTING PLAINTIFFS LEAVE TO AMEND THE COMPLAINT</u>

　　　　On May 13, 2011, the Court was scheduled to hear Defendant Bank of America Corporation ("BofA")'s Motion to Dismiss (Doc. # 15) and Defendant GMAC Mortgage, LLC ("GMAC")'s Motion for Joinder (Doc. # 25). Plaintiffs James Michael Whitehead and Siuafu Whitehead, <u>pro se</u>, did not appear at the

hearing on behalf of themselves[1]; Patricia J. McHenry, Esq., appeared at the hearing on behalf of BofA; Gary Y. Okuda, Esq., appeared at the hearing on behalf of GMAC.  Because Plaintiff did not appear at the hearing, and because the matter has been sufficiently briefed, pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing the supporting and opposing memoranda, the Court GRANTS Defendant BofA's Motion to Dismiss (Doc. # 15), GRANTS Defendant GMAC's Motion for Joinder (Doc. # 25), DISMISSES WITHOUT PREJUDICE Plaintiffs' Complaint, and GRANTS Plaintiffs leave to amend the Complaint.

## BACKGROUND

On October 20, 2010, Plaintiffs James Michael Whitehead and Siuafu Whitehead ("Plaintiffs") filed a Complaint against Defendants BofA, Deutsche Bank Trust Company Americas ("Deutsche Bank"), GMAC, John Does 1–10, Jane Does 1–10, Doe Partnerships 1–10, Doe Corporations 1–10, and Doe Entities 1–10 (collectively, "Defendants") asserting claims pursuant to the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2501, et seq. ("RESPA") and state law. ("Compl.," Doc # 1.)

---

[1] Three calls were made in the hallway for Plaintiffs with no response.

As alleged in the Complaint, Plaintiffs signed a mortgage agreement on December 20, 2006[2], and were never provided a copy of the mortgage agreement or note, or a notice of assignment, sale, or transfer of the servicing rights or note. (Compl. ¶¶ 11–13.) The Complaint further alleges that Defendants "would preempt Plaintiffs [sic] right to buy insurance on the above referenced property by setting up an escrow account and charged far in excess of the market value for insurance," (id. ¶ 16), and "failed to provide a detailed breakdown of fees in violation of their contractual obligations," (id. ¶ 20).

On December 21, 2010, Defendant BofA filed a Motion to Dismiss or in the Alternative, for a More Definite Statement ("Motion"). (Mot., Doc. # 15.) On March 14, 2011, Defendant GMAC filed a Motion for Joinder regarding BofA's Motion ("Motion for Joinder"). (Joinder, Doc. # 25.) On March 14, 2011,

---

[2] Plaintiffs' Complaint only alleges that the loan was entered into in 2006, but does not specify a month or date. However, BofA's Motion to Dismiss attaches the mortgage as Exhibit B, which clearly states that the note was signed on December 20, 2006. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the mortgage attached to BofA's Motion to Dismiss, as it is a "matter of public record" and may be considered on a motion to dismiss. See Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001). "Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).

Plaintiffs filed a Memorandum in Opposition to BofA's Motion ("Opposition"). (Opp'n, Doc. # 26.) On March 21, 2011, BofA filed a Reply in support of its Motion. (Reply, Doc. # 28.)

STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations

4

without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

DISCUSSION

To determine whether a complaint states a claim, the Court must first disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and then second, "identify 'well-pleaded factual allegations,' which we assume to be true, 'and then determine whether they plausibly give rise to an entitlement of relief.'" Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949–50). The instant Complaint, however, includes only legal conclusions and threadbare recitals of the elements of the causes of action: that Defendants allegedly violated 12 U.S.C. § 2601 – RESPA, charged Plaintiffs unconscionable rates, and failed to provide a detailed breakdown of fees in violation of their contractual obligations. The Complaint entirely lacks specific allegations providing the basis of these legal conclusions or giving Defendants fair notice of the wrongs they have allegedly committed. Indeed, nothing in Plaintiffs' Complaint shows that these claims are "plausible on [their] face." See Iqbal, 129 S. Ct. at 1949 (citation and quotations omitted). Once the Court disregards the conclusions and threadbare recitals in the

6

Complaint, no allegations remain that would support any claims against Defendants. As such, the Complaint is wholly deficient in carrying Plaintiffs' pleading obligations under Federal Rules of Civil Procedure 8 and 12(b)(6).

For example, in Count I of the Complaint, Plaintiffs' RESPA claim, Plaintiffs contend that they were never provided copies of the mortgage agreement or note, notification of assignment and/or sale of the note, or notification of the servicing rights. (Compl. ¶¶ 15–17.) These allegations entirely fail to include even the basic elements of a RESPA violation, and fall well below the standard of providing "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Specifically, RESPA provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person," 12 U.S.C. § 2605, but the Complaint fails to allege that Plaintiffs received a federally related mortgage loan or that the servicing of the loan was assigned, sold, or transferred.[3] The Complaint also leaves completely unanswered how each Defendant is related to the mortgage agreement and/or note and the servicing of

---

[3] Further, it is not a RESPA violation to fail to provide copies of the mortgage agreement or note. See 12 U.S.C. §§ 2605-2608.

7

them, which Defendants allegedly committed these wrongs, when the wrongs were committed, or even the identity of the real property at issue and that Plaintiffs have an interest in that property.

Additionally, Plaintiffs seek rescission of the loan in Count I of their Complaint under RESPA. Defendant BofA correctly argues in their Motion that rescission is not an available remedy under RESPA. Indeed, rescission is not a form of relief offered by the RESPA statute. See 12 U.S.C. § 2601–2617.

As to Plaintiffs' allegation in Count II of the complaint that Defendant[s] "would preempt Plaintiffs [sic] right to buy insurance on the above referenced property by setting up an escrow account and charged far in excess of the market value for insurance," (Compl. ¶ 20), this allegation is so bare that the Court is unable to discern what type of claim Plaintiffs are trying to assert. Although FRCP Rule 8 requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the Complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests. Defendants, nor the Court, are required to speculate as to which provisions Plaintiffs are suing under or how Defendants violated such provisions. Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555. Thus,

without any facts explaining when and why Defendants allegedly purchased insurance for the property at issue, the Complaint fails to state a claim.

Finally, as to Plaintiffs' contention in Count III[4] of the Complaint that Defendants "failed to provide a detailed breakdown of fees in violation of their contractual obligations," (Compl. ¶ 20), Plaintiffs again fail to assert even the basic elements of a breach of contract claim, much less factual allegations supporting these claims. See Iqbal, 129 S. Ct. at 1949 (stating that Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"). The Complaint fails to identify the contract at issue, the parties to the contract, whether Plaintiffs performed under the contract, the particular provision of the contract allegedly violated by Defendants, and when and how Defendants allegedly breached the contract. See Otani v. Stae Farm Fire & Cas. Co., 927 F. Supp. 1330, 1335 (D. Haw. 1996) ("In breach of contract actions, [] the complaint must, at minimum, cite the contractual provision allegedly violated. Generalized allegations of a contractual breach are not sufficient.").

---

[4] The Complaint actually labels the third cause of action as "Count II," but the Court assumes this was a typo and construes this cause of action as Count III.

In sum, the Complaint, including only "labels and conclusions," fails to state a claim upon which relief may be granted and fails to provide Defendants notice of the bases of Plaintiffs' claims against them. Accordingly, the Court GRANTS BofA's Motion and DISMISSES WITHOUT PREJUDICE Counts I, II, and III of Plaintiffs' Complaint.

CONCLUSION

For the aforementioned reasons, the Court GRANTS BofA's Motion (Doc. # 15), GMAC's Motion for Joinder (Doc. # 25), and DISMISSES WITHOUT PREJUDICE Plaintiffs' Complaint. However, the Court recognizes that it may be possible for Plaintiffs to state a claim if provided the opportunity to amend their Complaint. Accordingly, Plaintiffs are GRANTED leave to amend their Complaint and may file an amended Complaint no later than 30 days from the filing of this Order. Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice. Additionally, Plaintiffs are advised that the amended complaint must clearly state how each of the named

defendants have injured them, and it must also clearly identify the statutory provisions under which Plaintiffs' claims are brought.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 13, 2011.



David Alan Ezra
United States District Judge

Whitehead v. Bank of America Corporation et al., Cv. No. 10-00615 DAE-BMK; ORDER: (1) GRANTING DEFENDANT BOFA'S MOTION TO DISMISS; (2) GRANTING DEFENDANT GMAC'S MOTION FOR JOINDER; (3) DISMISSING WITHOUT PREJUDICE PLAINTIFFS' COMPLAINT; AND (4) GRANTING PLAINTIFFS LEAVE TO AMEND THE COMPLAINT